

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1839 | **DATE** | 3/28/11 |
| **CASE TITLE** | Melvin Fagan (#2010-0902116) v. James Comroe | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted and the initial partial filing fee is waived. The court authorizes Cook County Jail officials to make deductions from Plaintiff's trust fund account in accordance with this order. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that states a valid claim. The clerk shall forward to Plaintiff an amended complaint form. Plaintiff is given 30 days from the date of this order to submit an amended complaint; his failure to do so will result in the dismissal of this case.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Melvin Fagan (#2010-0902116), an inmate at the Cook County Jail, has filed this 42 U.S.C. § 1983 action against Assistant State's Attorney James Comroe and Chicago Police Detective P. Walsh. Plaintiff alleges that Walsh gave false testimony before a grand jury to obtain an indictment against Plaintiff in 2010.

Plaintiff's application to proceed *in forma pauperis* indicates that he is unable to prepay the $350 filing fee and that he is unable to pay an initial partial filing fee. The court grants his motion to proceed *in forma pauperis* and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.

The court's preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that Plaintiff cannot proceed with his claims as currently drafted. Plaintiff alleges the following. Comroe conducted a preliminary hearing to determine probable cause; the victim testified at the hearing that nothing was taken from her residence; the trial court subsequently found no probable cause; and Plaintiff was released from custody. Sometime later, in 2010, Comroe presented testimony from Walsh at a grand jury hearing. Walsh stated that items had been stolen, but nothing was said about the preliminary hearing before the trial court. Plaintiff contends that Walsh knowingly gave and Comroe knowingly presented false testimony to the grand jury to charge Plaintiff.
(CONTINUED)

isk

## STATEMENT

    Plaintiff's complaint states claims for which both Defendants have immunity. With respect to Comroe, prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial, before the grand jury, or any conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Henry v. Farmer City State Bank*, 808 F .2d 1228, 1238 (7th Cir. 1986). With respect to Walsh, witnesses before a grand jury enjoy absolute immunity from suits for civil damages. *See Curtis v. Bembenek*, 48 F.3d 281, 284-85 (7th Cir. 1995); *Pira v. Chanen*, No. 07 C 2037, 2010 WL 148626, *4 (N.D. Ill. Jan. 8, 2010) (Gottschall, J.). Although the execution of an arrest warrant with knowledge that it is based upon false statements may state a claim, *see Mannoia v. Farrow*, 476 F.3d 453, 458 (7th Cir. 2007), Plaintiff does not allege that either of the Defendants participated in his arrest. Instead, his claims focus only on the activities of Walsh and Comroe before the grand jury.

    Accordingly, the complaint does not state claims upon which this court may grant relief. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that states a valid claim. Plaintiff is given 30 days from the date of this order to submit an amended complaint. Plaintiff is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The court will refer only to the amended complaint, and not to prior complaints, to determine the claims and the defendants in this case. Therefore, Plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and return to Prisoner Correspondent the originally filled out and signed form, as well as a copy for the judge and a service copy for each named defendant. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the court with a sufficient number of copies.

    Plaintiff's failure to comply with this order may be construed as his desire not to proceed with this case and will result in dismissal of this case without prejudice.